■ THOMAS A. VISCELLI, Respondent, v HIGH TOR FOUNDATION, INC., Defendant, and PERRY HUDSON, Appellant.—In an action to recover unpaid salary and for reimbursement of expenditures for tuition and books, defendant Hudson appeals from two judgments of the Supreme Court, Rockland County, both entered April 22, 1976, which, after a nonjury trial, are in favor of plaintiff-respondent and against him, in the principal amounts of $4,400 and $1,100, respectively. Judgments reversed, on the law and the facts, with costs, and complaint dismissed as against defendant-appellant Hudson. On the record presented, we find that plaintiff was not an employee of Dr. Hudson in the latter's individual capacity and that he took certain courses and purchased certain books expecting reimbursement not from Dr. Hudson individually, but from his codefendant, High Tor Foundation, Inc. Plaintiff's contention that Dr. Hudson and High Tor were "synonymous" is unsupported by the evidence. Moreover, plaintiff himself, while employed by High Tor, did not regard them as "synonymous". Plaintiff looked to High Tor rather than to Dr. Hudson, individually, for payment of salary and for reimbursement of his expenditures for tuition and books. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.

■ MARY E. WHITTEN, Respondent, v JERRY L. WHITTEN, Appellant.— In a separation action, the defendant husband appeals from so much of an order of the Supreme Court, Suffolk County, dated October 19, 1976, as (1) awarded plaintiff-respondent alimony, child support and a counsel fee *pendente lite,* and (2) directed him to pay the carrying charges on the marital residence. Order affirmed insofar as appealed from, without costs or disbursements. The record amply supports the determination of the Special Term. Appeals from orders *pendente lite* made on contested issues, absent a genuine necessity, should not be pursued. A speedy trial is the better solution. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.

■ MIA YAMAOKA, as Administratrix of the Estate of OTTO YAMAOKA, Deceased, Respondent, v LEON BLUESTONE, Appellant, et al., Defendant. (And a Second Action.)—In a medical malpractice action, defendant Leon Bluestone appeals from a judgment of the Supreme Court, Kings County, entered October 31, 1975, which is in favor of plaintiff-respondent and against him, upon a jury verdict. Judgment affirmed, with costs. The evidence supports the jury's verdict. The amount of damages awarded does not shock one's conscience. The other contentions raised by appellant have been considered and found to be without merit. Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.